IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, | § § § § | |
| Plaintiff, | § | Case No. 3-11-cv-3386-L-ICR |
| v. | § § | |
| PATRICIA ANN FRALICK, | § § | |
| Defendant. | § § | |

## PLAINTIFF'S OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER

Plaintiff, Plumbers and Pipefitters National Pension Fund, by and through undersigned counsel, pursuant to Local Rule 7.1(e), hereby opposes the Defendant's Motion to Amend Scheduling Order (Docket No. 46), and for reasons, states as follows:

1. The Defendant has already obtained one postponement. In June 2012, the Defendant previously requested, and was granted, an additional two months' time to file a dispositive motion. (Docket Nos. 14 and 15.) She failed to file her motion in the additional time granted. The Defendant should not be allowed to delay this case further.

2. The Motion to Amend Scheduling Order (Docket No. 46) is actually the <u>fourth</u> request by the Defendant for additional time. She also previously moved twice to file a dispositive motion out of time. (Docket Nos. 20 and 36). The Defendant's history of previous requests for enlargements of time provides an adequate basis to deny the relief requested.

3. In November 2012, the Defendant moved for an additional two months' time to file a response to the Plaintiff's pending Motion for Summary Judgment. (Docket No. 36.) To date, the Defendant has had nearly <u>six months</u> to file a substantive response to the Plaintiff's

pending Motion for Summary Judgment but none has been filed. The Defendant concedes she has no need for discovery in this ERISA case. (Docket No. 46, ¶s 7, 14.) After sitting on her hands and refusing to file a proper response to the Motion for Summary Judgment all of this time, the Defendant should not be granted relief.

4. The Plaintiff's Complaint was filed in early December 2011. The Defendant waited for nearly a year to file her Motion to Dismiss. (Docket No. 33.) The fact that the Defendant delayed so long to bring a Motion to Dismiss should weigh against granting additional time as requested.

5. What is more, the Defendant's Motion to Dismiss, filed on October 31, 2012, was filed after the October 19, 2012, motions deadline established by the Court. (Docket No. 15.) This is not the first time the Defendant has filed an untimely motion. (See Docket No. 35.) The Defendant's history of filing untimely motions and ignoring Court deadlines provides an additional reason to deny her latest request for relief.

6. Local Rule 40.1 provides that a motion for a continuance will not revive any deadlines that have already expired in the case, such as the dispositive motions deadline. Federal Rule of Civil Procedure 6(b)(1)(B) requires the Defendant to establish "excusable neglect" before she should be allowed to: 1) file her motion to dismiss out of time, 2) file her motion for summary judgment out of time, and 3) file her opposition to the pending motion for summary judgment out of time. The Defendant's Motion identifies no such excusable neglect, and therefore the relief should be denied.

7. The Defendant overstates the burden of preparing additional materials for the Court in the event the Plaintiff's Motion for Summary Judgment is denied. In any event, a bench trial may not be the proper procedural vehicle for resolving this ERISA Section

502(a)(1)(B) denial of benefits case due to the applicable deferential standard of federal court review and limited administrative record. See, e.g. Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 618 (6th Cir. 1998) (standard bench trial under Rule 52 not appropriate for ERISA denial of benefits case); Phleps v. C.T. Enterprises, Inc., 394 F.3d 213, 218 (4th Cir. 2005) (sharing reservations of Sixth Circuit about the application of the summary judgment standard to ERISA denial of benefits cases); but see Girling Health Care, Inc. v. Shalala, 85 F.3d 211, 214-215 (5th Cir. 1996) (modified summary judgment procedure appropriate for deferential review in Administrative Procedures Act case).

WHEREFORE, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Amend Scheduling Order.

Dated: April 12, 2013     By: _____/s/_____
Andrew G. Jubinsky
Texas State Bar No. 11043000
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone: 214-939-2000
Facsimile: 214-939-2090

_____
R. Richard Hopp
Admitted *Pro Hac Vice*
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041: telephone
(202) 362-2640: facsimile
rhopp@odonoghuelaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2013, a copy of the foregoing was filed and served on all counsel of record using the Court's CM/ECF service and additionally by electronic mail to jim@klancnik.com.

_____
R. Richard Hopp

230839_1