IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:11-CV-3386-L** |
| PATRICIA FRALICK, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Opposed Motion to Alter or Amend Judgment (Doc. 53), filed May 21, 2013, pursuant to Federal Rule of Civil Procedure 59(e). After carefully considering the motion, record, and applicable law, the court **denies** Defendant's Opposed Motion to Alter or Amend Judgment (Doc. 53).

**I.    Grounds for Motion**

In support of her motion, Defendant makes a number of contentions, which the court summarizes as follows: (1) Plaintiff lacks standing under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974; (2) issue and claim preclusion do not preclude Defendant's claim for benefits; (2) judicial estoppel does not apply to either parties' claims even though Defendant contends that Plaintiff has taken inconsistent positions in *Fralick I* and *Fralick II*; (3) Plaintiff abused its discretion in denying Defendant's claim for surviving spouse benefits. Defendant also contends that she was prejudiced by the court's failure to "timely rule" on her various motions, and that but for the court's failure to "timely rule" on her motions, she would have moved for

summary judgment and filed a response to Plaintiff's summary judgment motion.* Pl.'s Mot. 6-7. In support of her Rule 59(e) motion, Defendant attached copies of the summary judgment response and motion that she would have filed.

As to Defendant's contention that the court did not "timely rule" on her various motions, the court adequately addressed the procedural morass created by Defendant as a result of her numerous motions. Moreover, it is not incumbent on the court to redirect a litigant headed down a wrong path because of a purely strategic decision. Further, to avoid being unjustly accused of ruling in an untimely manner, the court rules on this motion without the benefit of a response from Plaintiff.

**II.   Discussion**

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that

---

* This statement strains credulity. Defendant offers no explanation why she was unable to prepare a response to Plaintiff's summary judgment motion or file her own summary judgment motion earlier but now is able to do so. The court is convinced that Defendant could have filed her response and motion timely but chose not to do so because of a tactical decision. The tactical decision made by Defendant regarding her motion to compel discovery and motion to dismiss for lack of subject matter jurisdiction or standing, however, did not produce the result she desired.

**Memorandum Opinion and Order – Page 2**

they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

The court concludes that no manifest error of law or fact is present, and that no newly discovered evidence has been presented. Moreover, although the court's opinion addressed at length most of the issues in Defendant's Rule 59(e) motion, the arguments now raised by Defendant, except for the standing issue previously raised in her motion to dismiss, could have been but were not previously asserted because she failed to respond to Plaintiff's summary judgment motion or move for summary judgment within the dispositive motion deadline. As noted in the court's opinion:

> Patricia Fralick made the strategic decision, based on her mistaken belief that her motion to dismiss for lack of standing under ERISA went to subject matter jurisdiction, to not respond to the Fund's summary judgment motion and not file her motion to dismiss until after the dispositive motion deadline, although the court had not yet ruled on her first motion for extension of the dispositive motion deadline.

> Patricia Fralick in essence attempted to grant herself an extension without first receiving permission from the court; however, absent an order on her motion to extend the dispositive motion deadline, she assumed the risk that the opposed extension would not be granted.

Mem. Op. and Order 35 (Doc. 49). To the extent that the arguments asserted now were not previously asserted by Defendant, the court declines to consider them. *See Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (concluding that the "district court did not abuse its considerable discretion in denying Marseilles the opportunity to raise the claim after judgment" that could and should have been made before judgment was entered); *Ervin v. Sprint Commc'n Co. LP*, 364 F. App'x 114, 118 n.4 (5th Cir. 2010) (unpublished) (concluding similarly that Rule 59(e) "'cannot be used to raise arguments which could, and should, have been made before the judgment issued.' A legal argument not raised in opposition to summary judgment but improperly raised for the first time in a Rule 59(e) motion is still waived because such an argument was never properly before the district court.") (citing and quoting *Simon*, 891 F.2d at 1159). Accordingly, the court determines that denial of Defendant's Rule 59(e) motion is appropriate.

## III. Conclusion

For the reasons herein stated, the court **denies** Defendant's Opposed Motion to Alter or Amend Judgment (Doc. 53).

**It is so ordered** this 30th day of May, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge